UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armen YERITSYAN,<br><br>                           Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>                         Respondents. | Case No.: 25-cv-3760-AGS-BLM<br><br>**ORDER SCREENING PETITION AND REQUIRING RESPONSE** |

     Petitioner Armen Yeritsyan seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

     Since "August 19, 2025," petitioner, an "Armenian man" claims to have been under a final order of removal and was also "granted withholding of removal status as to Armenia but denied" "as to Russia." (ECF 1, at 1, 5.) He's been held in post-final-removal-order custody for longer than the 90-day standard removal period, although he's still well within the presumptively reasonable 6-month detention authorized by the post-removal-period statute. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"); § 1231(a)(6) (authorizing detention beyond that period for certain aliens); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (discussing "6-month presumption" of reasonable detention for § 1231(a)(6)). He contends that since ICE has not removed him to Russia or

identified a third country to remove him to, there is "no significant likelihood of removal in the reasonably foreseeable future." (ECF 1, at 8); *see also Zadvydas*, 533 U.S. at 690. This claim potentially has merit, and it is neither so frivolous nor so incredible as to justify summary dismissal. The government must respond.

By **January 6, 2026**, respondents must answer the petition. Petitioner may reply by **January 13, 2026**. The Court will hold oral argument on **January 20, 2026**, at **2:00 p.m.**

Dated:  December 26, 2025

_____
Hon. Andrew G. Schopler
United States District Judge